## 10218

### McKENDREE *ET AL.* v. SOUTHERN STATES LIFE INSURANCE CO. OF ALABAMA.

(99 S. E. 806)

1. INSURANCE— SUICIDE— PRESUMPTIONS.— There is a presumption of fact that a man will not take his own life.

2. INSURANCE—SUICIDE—BURDEN OF PROOF.—In an action on a life insurance policy, it is not incumbent on the insurer to prove beyond a reasonable doubt that insured committed suicide; a preponderance of the testimony being sufficient.

3. INSURANCE—LIFE INSURANCE—CONTESTS.—Where a life insurance policy provided in bold-faced type that it would "be incontestable from date of issue," insurer could not set up a plea of fraud in an action on the policy.

4. INSURANCE—CONSTRUCTION OF POLICY.—Where insurer writes a policy of life insurance, it should be read most strongly against it.

Before SEASE, J., Spartanburg, Summer term, 1918. Reversed.

Action by Elizabeth S. MacKendree and others against the Southern States Life Insurance Company of Alabama. Judgment for defendant, and plaintiffs appeal.

*Plaintiff's citations, referred to in the opinion, on question of contestability of life insurance policies for fraud: Insurance Co. v. Arnold,* 97 S. C. 421; 81 S. E. 964; Ann. Cas. 1916c, 706; *Reagan v. Union Mut. Life Ins. Co.,* 189 Mass, 555; 76 N. E. 217; 2 L. R. A. (N. S.) 821; 109 Am. St. Rep. 659; 4 Ann. Cas. 362; *Great Western Life Ins. Co. v. Snavely,* 206 Fed. 20; 124 C. C. A. 154; 46 L. R. A. (N. S.) 1056; *Clement v. New York Life Ins. Co.,* 101 Tenn. 22; 46 S. W. 561; 42 L. R. A. 247; 70 Am. St. Rep. 650; *Massachusetts Benefit Life Ass'n v. Robinson,* 104 Ga. 256; 30 S. E. 918; 42 L. R. A. 261. See *Huestess v. Insurance Co.,* 88 S. C. 35; 70 S. E. 403; *Moulor v. American Life Ins. Co.,* 111 U. S. 335; 4 Sup. Ct. 466; 28 L. Ed. 450;

*Owen v. Insurance Co.,* 84 S. C. 254; 66 S. E. 290; 137 Am. St. Rep. 845; *Beard v. Insurance Co.,* 104 S. C. 45; 88 S. E. 285.

*Defendant's citations: New York Life Ins. Co. v. Fletcher,* 117 U. S. 519; 6 Sup. Ct. 837; 29 L. Ed. 934; *Insurance Co. v. Arnold,* 97 S. C. 418; 81 S. E. 964; Ann. Cas. 1916c, 706; *Reagan v. Union Mut. Life Ins. Co.,* 189 Mass. 555; 76 N. E. 217; 2 L. R. A. (N. S.) 821; 109 Am. St. Rep. 659; 4 Ann. Cas. 362; *Wheelton v. Hardisty,* 8 El. & Bl. 232-283; *Massachusetts Ben. Life Ass'n v. Robinson,* 104 Ga. 256; 30 S. E. 918; 42 L. R. A. 261; *Northwestern Ins. Co. v. Montgomery,* 116 Ga. 799; 43 S. E. 79; *Welch v. Union Cent. Life Ins. Co.,* 108 Iowa, 224; 78 N. W. 853; 50 L. R. A. 774; *New York Life Ins. Co. v. Weaver's Adm'r,* 114 Ky. 295; 70 S. W. 628; *Gambrill v. Insurance Co.,* 83 S. C. 236; 65 S. E. 231; *Drakeford v. Knights of Damon,* 61 S. C. 342; 39 S. E. 523; *Ætna Life Ins. Co. v. Moore,* 231 U. S. 543; 34 Sup. Ct. 186; 58 L. Ed. 356; *Security Mutual Life Ins. Co. v. Webb,* 106 Fed. 808; 45 C. C. A. 648; 55 L. R. A. 122; *New York Life Ins. Co. v. Fletcher, supra; Gardner v. North State Mutual Life Ins. Co.,* 163 N. C. 367; 79 S. E. 806; 48 L. R. A. (N. S.) 714; Ann. Cas. 1915b, 652; *Fishblate v. New York Fidelity, etc.,* 140 N. C. 589; 53 S. E. 354; *Bryant v. Life Insurance Co.,* 147 N. C. 181; 60 S. E. 983; *Alexander v. Life Insurance Co.,* 150 N. C. 536; 64 S. E. 432; *Talley v. Metropolitan Life Ins. Co.,* 111 Va. 778; 69 S. E. 936; *Empire Life Insurance Co. v. Jones,* 14 Ga. App. 647; 82 S. E. 62; *Ætna Life Ins. Co. v. Conway,* 11 Ga. App. 557; 75 S. E. 915; *Owen v. Insurance Co.,* 84 S. C. 253; 66 S. E. 290; 137 Am. St. Rep. 845; *The Sailors v. Woelfle,* 118 Tenn. 755, 102 S. W. 1109; 12 L. R. A. (N. S.) 881; *Bankers' Reserve Life Ins. Co. v. Omberson,* 123 Minn. 285; 143 N. W. 735; 48 L. R.

A. (N. S.) 265; *Insurance Co. v. Bailey,* 13 Wal. 616; 20 L. Ed. 501; *Cable v. Insurance Co.,* 191 U. S. 288; 24 Sup. Ct. 74; 48 L. Ed. 188.

*Messrs. Bomar & Osborne,* and *Wyche & Foster,* for appellants.

*Messrs. Sanders & DePass,* and *A. J. Orme,* for respondent.

July 14, 1919.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

Action upon two contracts of insurance upon the life of S. Marshall MacKendree. The Court directed a verdict for the defendant, upon the ground that the only reasonable conclusion to be drawn from the testimony was that the insured had suicided, which act by the words of the contract avoided the same.

1. A careful consideration of the testimony, after two arguments, brings us to the now settled conclusion that the issue of how the deceased met his death ought to have been submitted to the jury. The presumption of fact is that a man will not take his own life. Every action of a man, voluntary and involuntary, tends to preserve his life. The testimony in this case did not so far and so surely overcome that presumption as to have warranted the Court to take issue from the jury.

2. It was suggested by the appellant's counsel that it is incumbent on the defendant to prove beyond a reasonable doubt that the deceased killed himself. So much is not correct; like any other fact in the case, that fact need only to be proved by a preponderance of the testimony. See *Hills v. Goodyear,* 4 Lea (Tenn.) 241, 40 Am. Rep. 5.

3. The respondent contends further, to sustain the judgment: (1) That the deceased procured the contract to be made by his false and fraudulent answers in the application to questions directed to an inquiry into his former state of health; and (2) that the deceased warranted his answers to be true. Thereto the plaintiff replies that a certain clause in the contract forecloses a consideration of those issues. The following is the clause referred to:

"The policy shall be *incontestable from date of issue,* except for nonpayment of premiums, subject, however, in case of misstatement of age to an adjustment of the insurance at the correct age of the insured: *Provided,* That in the event of self-destruction, whether sane or insane within one year of such date, the company shall be liable only for the amount of the premium paid on the policy."

The five words we have italicized are printed in the policy in bold-faced type.

At the first argument the writer of this opinion was of the mind that the quoted clause did not exclude a plea of fraud. But reflection has led to a different conclusion. Respectable authority has been cited on both side of the question; and perhaps the weight of numbers is with the insurer. Let the citations be reported.

It is plain that the expressed words of the contract declare that the policy shall "be incontestable from date of issue," it will not be denied by anybody that those words are broad enough to exclude a contest for fraud, and those Courts which deny exclusion in such a case do so as a matter of "public policy." That is a wide domain of shifting sands. If such a policy demands the paramount protection of the insurer, then the clause ought not to prohibit the defense. But, if such a policy demands as well the protection of the insured, then the clause ought to have a wider import than the insurer concedes to it.

Thereabout the following reflections are pertinent. The insurer writes the policy, and it should be read most strongly against the writer; policies are usually periphrastic and sometimes ambiguous; the insured must take that tendered or none; propaganda has constituted life insurance to be almost one of the necessities of life; neither the insured nor the selling agent of the insurer are, as a rule, experts in the use of or in the interpretation of language; the ordinary man who buys a policy would judge the clause in issue to mean that which the plain words of it imply, and especially is that true when those words, in the instant case, are printed in bold type; the insurer has unmeasured time before a contract is made to investigate the facts, and to that end the insured is called in the answers to the application to testify against himself; there is no reason why the truth may not be ascertained before as well as after the contract is made; clauses like the instant one are calculated to lure men into taking insurance who would not otherwise do so; differences about the health of the insured affect the very prerequisites of the contract, and are really the only facts to be settled before the contract is made; fraud resides in the intent of a party, and the inquiry about it ought not to be deferred until such time as he who had the intent is dead, and he who reasonably understood that such an inquiry could only be made in his lifetime; the insurer, by practice and experience, always and for its protection anticipates deception by the insured, and sets to work by exhaustive and *ex parte* methods to discover it; at the close of the inquiry the insurer has stipulated that there shall be no further contest about that matter, and the insured has gone to his death in that belief.

Upon consideration of these matters there is no clear warrant for a Court to affirm on which side of the case the largest and best public policies lie. The insurer inserted the clause in the contract; if its allowance by the Courts shall promote concealment on the part of these who seek insurance, its disallowance by the Court may promote the

deception of these seeking insurance, and suggest to the insurer a fabrication of defenses to avoid its contracts. In such a contest we shall take no part, but leave the parties to the words of the instrument. Our former decision of *Insurance Co. v. Arnold*, 97 S. C. 421, 81 S. E. 964, Ann. Cas. 1916c, 706, though not to the point, looks thitherward.

The judgment of the Circuit Court is reversed, and a new trial is ordered to be had in conformity to the views herein expressed.