11219

HARTIN v. SOVEREIGN CAMP W. O. W.

(117 S. E., 409)

1. INSURANCE—SUICIDE EXEMPTION CLAUSE HELD APPLICABLE TO ACCIDENTAL KILLING.—Under a provision exempting insurer from lia-

NOTE.—On death of suicide as accident or due to accidental means, within insurance policy see notes in 7 L. R. A. (N. S.) 223; 6 A. L. R. 1338; 16 A. L. R. 1402 and 22 A. L. R. 299.

As to conclusiveness of the findings of coroner's jury as proof of death by suicide see note in 44 L. R. A. 853.

On effect of words "sane or insane" or other words relating to mental condition, in suicide clause in life-insurance policy, see notes in 17 L. R. A. 89; 35 L. R. A. 262 and 17 L. R. A. (N. S.) 260.

bility where insured came to his death by his own act, whether sane or insane, it is immaterial whether insured took his own life intentionally or unintentionally, for in either case insurer is not liable.

2. Insurance—Proof of Death Containing Affidavits and Finding of Coroner's Jury Held Admissible on Defense of Suicide.—Proof of death containing affidavits and finding of the coroner's jury is admissible in an action defended on the ground that insured committed suicide.

Before C. J. Ramage, Special Judge, Barnwell, June, 1922. Affirmed.

Action by Mamie I. Hartin against Sovereign Camp, Woodmen of the World. Judgment for defendant and plaintiff appeals.

*Messrs. J. O. Patterson, Jr.,* and *Jas. A. Kennedy,* for appellant, cite: *Presumption against suicide:* 112 S. C., 335; 127 U. S., 661; Vance Ins., 523; 14 R. C. L., 1235. *Question for jury:* 1 May Ins., 325; 93 S. C., 72. *Provision against death by "own hand" does not apply to accidental death:* 19 A. & E. Enc. Law, 77; 1 May Ins., 307; 14 R. C. L., 1232; 4 L. R. A. (N. S.), 626; Vance Ins., 522; 105 Fed., 172; 41 Ga., 338; 105 Ind., 212; 85 N. Y., 317; 35 L. Ed., 1160. *Coroner's findings not admissible:* 68 L. R. A., 296.

*Messrs. Holman & Boulware,* for respondent, cite: *Policy did not cover suicide or accidental death:* 62 S. C., 148.

May 8, 1923.

The opinion of the Court was delivered by Mr. Justice Fraser.

This is an action on a policy in the Woodmen of the World. The verdict and judgment thereon was for the defendant, and the plaintiff appealed.

I. The first assignment of error it that his Honor erred in charging the jury:

"I charge you that if you find that the insured came to his death by his own hand or act, whether sane or insane, the defendant is not liable."

The appellant claims that if the insured killed himself accidentally, the defendant is liable. · Appellant admits that his Honor charged in the words of the policy. There was no error here. No construction is necessary. The words are plain. The policy did not cover a case in which the insured kills himself. Then, as if apprehensive that it might be said that an insane man could not be said to have done anything, it added the words "sane or insane."

In the case of *Latimer v. Woodmen*, 62 S. C., at page 155; 40 S. E., 155, Mr. Justice McIver, delivering what is erroneously called a dissenting opinion, but really the prevailing opinion, says:

"Looking to the terms of this contract of insurance, it seems to me manifest that the parties stipulated in express terms that the defendant should not be liable if the assured died by his own hand or act, even though he was insane at the time. The Circuit Judge, therefore, was entirely right in instructing the jury that, if they found that the assured did die by his own hand or act, then the plaintiff could not recover, and it was entirely immaterial whether he was sane or insane at the time of his death, for such instruction was in exact accordance with the express stipulation of the parties to the contract."

The same reason governs here.

II. The next question is that the Trial Judge erred in not charging that there was a presumption that a man would not take his own life. We have seen that it makes no difference, so far as this case is concerned, whether the insured took his own life intentionally or unintentionally. The question is academic. This point cannot be sustained.

III. The proof of death, containing several affidavits and the finding of the coroner's jury, was admitted in evidence over the objection of the plaintiff. This is the only other assignment of error not decided above. This was not error. In accordance with the requirements of the contract, the beneficiary sent on the proof of death.

They were the papers among which the defendant acted and upon which the defendant had the right to act and were admissible.

The judgment appealed from is affirmed.

MR. CHIEF JUSTICE GARY and MR. JUSTICE WATTS concur: MR. JUSTICE MARION in result.

MR. JUSTICE COTHRAN: I concur in the result upon the ground that no other reasonable inference can be drawn from the evidence than that the insured committed suicide, and that the defendant's motion for a directed verdict should have been grantetd. I do not agree that an *accident* is within the *suicide* exemption clause. See *McKendree v. Ins. Co.,* 112 S. C., 335; 99 S. E., 806. That case is authority also to sustain the plaintiff's request to charge the presumption "that a man will not take his own life."