12749

## LINNEN v. COMMERCIAL CASUALTY CO.

(150 S. E., 127)

*Messrs. J. B. McLaughlin,* and *D. M. Winter,* for appellant,

*Messrs. A. L. Hamer,* and *M. E. Crosland,* for respondent,

October 22, 1929.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This action is based on a policy of accident insurance issued by the defendant company to one William Waites. It was provided in the policy that, in case of death of the insured through external, violent, and accidental means, the beneficiary named therein, Martha Linnen, mother of Waites, would be indemnified in the sum of $500. The policy also contained the following provision, pertinent to the decision of this case:

"In the event of any claim for * * * death * * * resulting from accident * * * due directly or indirectly * * * to injuries intentionally inflicted upon the insured by any person for private or personal reasons or otherwise * * * benefits paid shall be ten (10%) per cent. of the benefits otherwise paid under this contract."

The insured was killed at Jacksonville, Fla., on August 31, 1927, and thereafter in due time the beneficiary made the required proof of death, but the company refused to pay. This action was then brought by the plaintiff to recover the amount of the policy. The defendant, answering the complaint, denied that the death of the insured was accidental, and pleaded that it was brought about by injuries intentionally inflicted upon him by a third person, for which the defendant was not responsible.

The case was tried before his Honor, Judge Townsend, who refused the defendant's motion for a directed verdict. The jury found for the plaintiff $500.

There are several exceptions, but the appeal presents one question only: Should the trial Judge under the testimony have directed a verdict for the defendant?

The undisputed evidence of eyewitnesses of the tragedy was that the insured, on August 31, 1927, was standing in the hallway of a boarding house in Jacksonville, Fla., talking to "his girl"; that a woman by the name of Clara Potter (or Pooler) was present, and made some remark about the girl to whom Waites was talking; that he protested against the Potter woman's remarks, and thereupon she cursed him, and with a knife, stabbed him to the heart; and that he died almost immediately.

The appellant contends that the conclusive inference from this testimony is that the killing of the insured by the Potter woman was intentional on her part, and that under the provision of the policy above quoted the beneficiary was entitled to only $50. The respondent answers that under the law governing in cases of this kind the question of whether the killing was accidental or intentional was properly submitted to the jury.

Under the pleadings, the plaintiff made out a *prima facie* case by proof of the policy of insurance and that the insured died from being stabbed with a knife; the presumption of law being that the wound was accidentally inflicted, and was not the result of an illegal act of anyone. The burden was then shifted to the defendant to show, as pleaded by it, that the death of the insured was brought about by injuries *intentionally inflicted upon him,* and that its liability was thereby avoided to the extent indicated by the quoted provision of the policy. With this burden thus placed on the defendant, should the trial Judge, under the testimony offered, have directed a verdict for the company, thereby holding that the burden was sustained, as a matter of law?

In cases like this, before a verdict for the defendant can be properly directed, the evidence must not only support the inference that the person charged with the killing intended the consequence of his act, but must also

exclude any other inference. The testimony must not only be consistent with the theory that the death of the insured resulted from an intentional act of a third person, but must also be inconsistent with a nonintentional injury. Hence in such cases it seldom happens that, under the testimony adduced, it is proper for the Court to say, as a matter of law, that the defendant has sustained the burden cast upon it—in nearly every instance the jury is the proper tribunal to draw inferences from the testimony.

However, after a careful study of the meager testimony offered in the present case, we are inclined to the view that this is one of the rare cases in which a directed verdict is proper. The testimony as to how Waites came to his death is clear and undisputed. There can be no question that the Potter girl intended him as the victim of her assault; her anger, her words, and her blow were directed to him and to no one else. When he reproved her for making certain remarks about his girl, she became incensed, and resented the reproof by cursing him and drawing a knife and plunging it into his heart, causing his almost instant death. There is nothing in the testimony that might raise a doubt as to her purpose or intention—nothing to even suggest that she did not intend to take his life or that the blow struck was not intended for him. Therefore, despite the burden of proof thrown upon the defendant, despite the law's abhorrence of forfeiture, and despite the disfavor with which such drastic provisions in insurance policies as the foregoing are looked upon by the Courts under the testimony in the present case, a verdict should have been directed for the defendant.

The respondent relies upon *Jennings v. Casualty Co.*, 146 S. C., 41, 143 S. E., 668, but the testimony in that case easily differentiates it from the case at bar.

The judgment of this Court is that the judgment of the circuit Court be reversed, and the case be remanded to that Court, with directions to enter judgment in favor of the

plaintiff for $50, and whatever interest she may be entitled to under the terms of the policy.

MR. CHIEF JUSTICE WATTS, and MESSRS. JUSTICES COTHRAN, BLEASE, and CARTER concur.