13268

BOYKIN v. STATE HIGHWAY DEPARTMENT OF SOUTH CAROLINA

(169 S. E., 173)

September, 1930.

*Messrs. John M. Daniel, Attorney General,* and *J. Ivey Humphrey* and *J. Ingram Wilson, Assistants Attorney General,* and *Dargan & Paulling,* for appellant,

*Messrs. D. C. Cook* and *H. C. Jennings,* for respondent,

April 29, 1933.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The respondent brought action against the appellant to recover damages for personal injuries which he alleged he sustained when the automobile in which he was riding came into collision with a gate which extended into the highway. The case was first tried at the June, 1931, term of Court for Darlington County, Judge Dennis presiding, and resulted in a mistrial. It was tried the second time at the March, 1932, term, Judge Oxner presiding, and plaintiff had a verdict.

When the case was called for argument in this Court, appellant's attorneys moved the Court for leave to amend the transcript of record by adding to it the notice of the intention to appeal from the judgment entered on the verdict, and the notice of intention to appeal from the order of Judge Oxner which denied the motion for new trial made on the minutes of the Court, and the order of Judge Dennis which denied the motion for new trial made on the ground of after-discovered evidence; and by adding to the record that the appeal is from the judgment and these orders.

The motion is granted, and the case is considered as if the transcript of record had been so amended.

None of the exceptions challenge the charge of the presiding Judge, nor any of his rulings on the trial, save Exception 3 of the appeal from the order of Judge Oxner refusing the motion for new trial on the minutes of the Court. That exception alleges that it was error to permit the introduction of testimony relating to the condition of the highway and gate at a time remote from the time of the alleged injury. It is the settled rule that the

admissibility of testimony is left largely to the discretion of the Court. An examination of the record leads to the conclusion that there was no abuse of judicial discretion in the admission of this testimony.

The other two exceptions to the order of Judge Oxner are predicated upon matters of fact arising from the evidence, which were within the province of the jury. This Court cannot interfere with the determination of them made by that body.

The exceptions to the order of Judge Oxner are overruled.

Four months after the rendition of the verdict in the second trial a motion was made before Judge Dennis, the resident Judge of the Circuit, for a new trial, on the ground of after-discovered evidence. The motion was heard on affidavits in support of and against it. In a short order Judge Dennis refused the motion, from which defendant appeals on six exceptions.

Judge Dennis held that the affidavits in behalf of the motion did not convince him that the plaintiff had exercised due diligence to discover the matters set out in the defendant's affidavits. He was justified in reaching this conclusion.

And the exception relating to his conclusion in regard to the affidavits of Drs. Brown and Hay is without merit. It is possible that the injury to the elbow may have been "present" when plaintiff's arm was first examined by these physicians. This issue had been tried by the jury; it was not newly discovered evidence.

It was not error to hold that Malachi Thomas, if presented as a witness, would be disqualified because of conviction of a felony. The exception is founded upon the charge that the record of such conviction was not presented to the Court. It was stated in the argument before us, and was not denied, that plaintiff's attorneys had the record present at the hearing and offered· to produce it, but were not required to do so.

We find no error in Judge Dennis' order.

All exceptions are overruled, and the orders appealed from are affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and CARTER concur.