13936

MARSH v. PIONEER-PYRAMID LIFE INS. CO.

(176 S. E., 878)

*Messrs. Wolfe & Fort* and *Mann & Plyler,* for appellant,

*Mr. G. W. Speer,* for respondent,

November 5, 1934.

The opinion of the Court was delivered by MR. C. T. GRAYDON, ACTING ASSOCIATE JUSTICE.

This was an action on the part of the plaintiff, the beneficiary of a policy in the sum of $3,000.00, issued upon the life of her husband, Clarence E. Marsh. The policy was issued on December 29, 1932, and Clarence E. Marsh died on January 17, 1933. The case was tried before Hon. W. H. Townsend and a jury on November 17, 1933, and resulted in a verdict for the plaintiff for the amount of the policy.

The policy was for $3,000.00 in case of the death of the assured and $6,000.00 in case of his death by violent, external, and accidental means. The complaint was in usual form, suing upon the policy for the face amount thereof, to wit, the sum of $3,000.00. The answer of the defendant alleges a provision of the policy known as Paragraph 12, Subd. (d), which reads as follows:

"If the insured shall, within two (2) years from the date hereof, die by his own hand or act, whether sane or insane, or, as the result of the violation of law, the only amount payable hereunder shall be a sum equal to the premiums paid

hereon, with interest at the rate of six (6%) per cent. per annum."

The defendant further alleged in its answer that the insured died as the result of his own act by throwing himself upon the railroad tracks of the Southern Railroad under the cars of a moving passenger train and offered to return the premium paid, with interest at the rate of 6 per cent. per annum as provided in the policy and seeks to avoid payment on this ground. It appears from the testimony that the body of the insured was found crushed on the tracks of the Southern Railroad, evidently by the wheels of a train. The insured conducted a meat market and had left the market a few moments before his body was found. There is no testimony as to any motive for his taking his own life, nor is there any evidence of any threats or any statements that he made indicating his purpose to take his own life. No one actually saw the insured when he was killed.

At the conclusion of the testimony, the plaintiff made a motion for a directed verdict on the ground that the defendant had failed to make out its defense of suicide by the preponderance or greater weight of the evidence. This motion was refused and no motion was made by the defendant for a directed verdict on its behalf.

After the verdict was rendered in favor of the plaintiff, the defendant made a motion for a new trial before Judge Townsend which was refused by his order dated March 8, 1934.

The plaintiff now appeals from the refusal of Judge Townsend to grant a new trial upon three exceptions.

The first exception is that the evidence admitted of no reasonable hypothesis of death other than the suicide of the insured. The second exception is that the trial Judge abused his discretion in refusing the motion for new trial upon the ground of insufficiency of evidence. The third exception is that the trial Judge erred in refusing a motion for a new trial,

it appearing from the record that the jury disregarded the charge of the trial Judge.

It has been held repeatedly by this Court that no appeal will lie from an order granting or refusing a new trial on a question of fact, but that the granting or refusal of a new trial on a question of law will be reviewed by this Court. The record shows that the decision of the trial Judge, as to the new trial, was entirely on a question of fact and that there was no issue of law involved in his decision. The trial Judge had a right, if he saw fit, to grant a new trial, but this he refused to do and his decision on this question, being based upon a question of fact, is final. An appeal, therefore, does not lie from the order of Judge Townsend refusing the motion for a new trial. *McGhee v. Wells,* 57 S. C., 280, 35 S. E., 529, 76 Am. St. Rep., 567; *Boykin v. State Highway Dept.,* 169 S. C., 432, 169 S. E., 173; *Wilson v. Southern R. Co.,* 123 S. C., 399, 115 S. E., 764; *State v. Hawkins,* 121 S. C., 290, 114 S. E., 538, 27 A. L. R., 1083; *Hall v. Northwestern Railroad Co.,* 81 S. C., 522, 62 S. E., 848; *Daughty v. Northwestern Railroad Co.,* 92 S. C., 361, 75 S. E., 553.

Regardless of Judge Townsend's ruling on the motion for a new trial under the decisions in South Carolina, there was ample evidence to sustain the verdict. It has been held by this Court repeatedly that there is a presumption against suicide. Suicide is repugnant to the inherent nature of man. We all cling to life with a desperate hope and with a tenacity which sometimes becomes even more than an obsession. This presumption alone was sufficient to carry the case to the jury under the evidence in the case. It will be observed, however, that in addition to the presumption above referred to, there was no eyewitness to the death of the insured; there was no motive or reason given for his suicide; there was no threat on his part of self-destruction and practically the entire evidence in the case was that his body was found crushed under a railroad train

under circumstances which might have pointed to suicide. It was not necessary for the plaintiff to show that the insured did not commit suicide, but it was necessary for the defendant to show that the insured did commit suicide. The charge of the trial Judge was clear upon the issues in the cause and under that charge the jury found in favor of the plaintiff and this finding, under our decisions, must be sustained. *McKendree v. Southern States Life Insurance Co. of Alabama,* 112 S. C., 335, 99 S. E., 806; *Sanders v. Commonwealth Life Insurance Co. of Kentucky,* 134 S. C., 435, 132 S. E., 828; *Dill v. Sovereign Camp, W. O. W.,* 126 S. C., 303, 120 S. E., 61, 37 A. L. R., 167; *Swofford v. Life Insurance Co. of Virginia,* 159 S. C., 337, 157 S. E., 7.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.

MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.