15816

WHITE v. NORTH CAROLINA MUT. LIFE INS. CO.

(37 S. E. (2d), 505)

*Messrs. McDonald & McGowan,* of Florence, Counsel for Appellant,

*Mr. M. M. Weinberg,* of Sumter, Counsel for Respondent,

March 14, 1946.

MR. ASSOCIATE· JUSTICE OXNER delivered the unanimous Opinion of the Court.

Appellant, North Carolina Mutual Life Insurance Company, on September 12, 1932, issued a policy to one Sylvester White insuring his life in the sum of $100.00, and providing for the payment of an additional amount of $100.00 should the insured die as a result of bodily injury sustained "solely by accidental means, directly and independently of all other causes (suicide, sane or insane, not included)". Respondent, Wisdom White, was named as beneficiary in the policy.

The insured died on July 9, 1944. Alleging that his death resulted from bodily injuries sustained by accidental means, respondent brought this action to recover the sum of $200.00 and interest. Appellant admitted liability for the sum of $100.00 and tendered that amount to respondent, but denied liability under the double indemnity provision of the policy. The case was tried before Magistrate Edmunds of Sumter, without a jury, who awarded judgment in favor of respondent for the sum of $200.00 and interest. Appellant appealed to the Court of Common Pleas. That Court affirmed the judgment of the Magistrate. The sole question for our determination is whether there is any evidence to sustain the finding of fact by the Magistrate that the insured died as a result of bodily injuries sustained by accidental means.

Appellant offered no testimony. That of respondent may be briefly summarized as follows: Insured, a Negro farmer,

was forty-five or fifty years of age and resided about three miles from Sumter. About seven o'clock on the morning of July 9, 1944, he was found dead on the right-of-way of the Atlantic Coast Line Railway in the City of Sumter. He was lying on his back, parallel with the track, about two and a half feet from the end of the crossties. There was a gash about six inches across the right side of his head. The skull was "crushed and open". His face was covered with blood. There was a bloodstain on the end of one of the crossties about six feet from the body. Parts of the brain were found nearby. There was also a slight bruise on one leg and one arm. The undertaker estimated that he had been dead six or eight hours before the body was discovered. Although he was seen on the previous day, there is no testimony showing the movements of insured on the night of his death or the circumstances under which he received his injuries.

We think the foregoing facts were sufficient to make out a *prima facie* case of death from accidental injury. While in an action to recover double indemnity under a clause in a policy similar to the one involved in this case, the burden of proof is on the plaintiff to show from all the evidence that the death of the insured resulted from an injury sustained by accidental means, it is generally held that where death by unexplained violent external means is established, *prima facie* proof is thereby made of the fact that the injuries were accidental, without direct or positive testimony on that point, as the law will not presume that the injuries were inflicted intentionally by the deceased or by some other person. See annotations in 9 Ann. Cas. 919 and Ann. Cas. 1916B 229. The rule is thus stated in 1 C. J., 495 (Section 278) : "Where, however, it is apparent that the injury to or death of the insured was the result of external and violent means, and the issue is as to whether it was due to an accident, within the meaning of the policy, or to some cause excepted by the policy, the presumption is in favor of accident and against the existence of facts bringing the case within any of the exceptions of the policy, such as insanity of the

insured, intentional injury inflicted by a third person, lack of due care and diligence, self-inflicted injuries, and suicide. These presumptions may, however, be overcome by facts and circumstances establishing the contrary."

In *Linnen v. Commercial Casualty Co.*, 152 S. C., 450, 150 S. E., 127, the Court said: "The plaintiff made out a *prima facie* case by proof of the policy of insurance and that the insured died from being stabbed with a knife; the presumption of law being that the wound was accidentally inflicted, and was not the result of an illegal act of anyone." Also, see *N. Y. Life Insurance Co. v. Murdaugh* (C. C. A., 4th Circuit), 94 F. (2d), 104, where the *Linnen case* is cited with approval and the authorities on the point under discussion are elaborately reviewed.

The wounds found on the insured were manifestly sufficient to have caused his death. It was not incumbent upon respondent, as appellant's counsel seem to think, to prove that the insured was struck by a train, or otherwise establish any particular cause of the accident. The respondent having established a *prima facie* case, and no evidence being offered to overcome the presumption of accidental death, the Magistrate was fully justified in concluding that the death of insured was caused by injuries accidentally received.

Judgment affirmed.

MESSRS. ASSOCIATE JUSTICES STUKES and TAYLOR and MESSRS. ACTING ASSOCIATE JUSTICES J. HENRY JOHNSON and G. DUNCAN BELLINGER concur.