20208

Mary Lee CLEMENTS, as Administratrix of the Estate of W. R. Clements, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

(224 S. E. (2d) 309)

*Messrs. Willcox, Hardee, Palmer, O'Farrell, McLeod &
Buyck,* of Florence, *for Appellant,*

*Messrs. Yarborough, Parrott, & Anderson,* of Florence,
*for Respondent,*

April 19, 1976.

NESS, Justice:

This is an appeal from a judgment for the insured's beneficiary in an action to recover on the double indemnity clause of a life insurance policy. The policy provided twice the face of the policy was to be paid to the beneficiary upon proof that the death of the insured resulted solely from accidental means.

The face amount of the policy had been paid prior to the institutiton of this action.

It is conceded by the parties that the insured, W. R. Clements, Jr., died on April 28, 1973 as a result of gunshot wounds to the head. When Clements was wounded, he was alone in the bedroom, which he shared with his wife of thirty-eight years, who was in the kitchen performing household chores. There were no eye witnesses. That the cause of death was external and violent was conclusively shown by the nature of the injury. The evidence is entirely circumstantial, but the attendant facts all exclude any theory that death resulted from the acts of another. The conclusion must be that the insured fired the shot or that the gun was accidentally discharged. There was no direct evidence of suicide.

The essential question is whether Clements met his death by accidental means. The jury found that he did. We affirm.

There was evidence that the insured was of a happy and jovial nature and did not appear at any time prior to his death to have been despondent or depressed. There was no discord in his marriage or family life. After arriving home from work, on the day of his demise, the insured went for a pleasure ride with his wife. Subsequently, he ate a hearty meal and went into their bedroom where he removed his

trousers, neatly folding them to keep the creases. At numerous times that evening he went to the doorway between the bedroom and the kitchen to converse with his wife; once to tell her a joke and to discuss with her their planned trip to the beach on the next day. He also advised her he had a sale for his shotgun and was going to inspect it. Moments later, his wife heard a shot, ran into the bedroom and saw the shotgun on the floor beside the bed and the insured lying on the bed. It is apparent that death was caused by gunshot wounds from a weapon found nearby, and that the gun was fired through some act of the deceased. At once, the question arises: was the wound voluntarily inflicted with the intention of self destruction or was it the result of some unfortunate and involuntary mischance in the handling of the weapon? No other person witnessed the event; there is no direct evidence to tell us what really happened. We can seek the answer only through evidence of all the surrounding circumstances from which inferences may properly be drawn, and from these it is rare that conclusive or entirely convincing results are obtained.

Appellant contends that there is a failure of proof as to whether the injuries received were the result of accidental means. That it was caused by external means is not disputed. It is the position of the appellant that it must affirmatively appear from the evidence that the means which caused the death were accidental.

We agree with the appellant's position that the burden of proof is on the insured's beneficiary to show accidental death, and that the presumption against suicide is not evidence *per se,* but a rule of law.

There are numerous cases which repeatedly explain the presumption against suicide and of the burden of proof resting upon the insurer to establish sucide as a defense to recovery upon an insurance policy. It has been held that when the beneficiary makes out a *prima facie* case of violent death, the burden shifts to the insurer. *Latimer v. Woodmen of the World,* 62 S. C. 145, 151, 40 S. E. 155 (1901); *Swofford*

*v. Life Ins. Co. of Va.,* 159 S. C. 337, 157 S. E. 7 (1931) and *Marsh v. Pioneer-Pyramid Life Ins. Co.,* 174 S. C. 59, 62, 176 S. E. 878 (1934).

In many decisions this Court has discussed the principle of the presumption against suicide; this is merely saying in a different manner that when an unexplained, violent death occurs, the legal inference is that the death was caused by accident as opposed to suicide. *Rast v. Mutual Life Ins. Co. of New York,* 112 F. (2d) 769, 772 (4th Cir. 1940). However, when the only reasonable inference to be derived is that the death was by suicide, the court should direct a verdict for the insurer. *Linnen v. Commercial Casualty Co.,* 152 S. C. 450, 150 S. E. 127 (1929); *McLane v. Reliance Life Ins. Co. of Pittsburgh,* 192 S. C. 245, 6 S. E. (2d) 13 (1939).

Under the facts of this case, we think that the question of accidental death was one for the jury to decide as the evidence was such that reasonable men, in an honest and impartial exercise of judgment, might reach different conclusions. We adopt the rule laid down in *Linnen v. Commercial Casualty Co., supra,* when it was stated,

". . . [T]he plaintiff made out a *prima facie* case by proof of the policy of insurance and that the insured died from being stabbed with a knife; the presumption of law being that the wound was accidentally inflicted, and was not the result of an illegal act of anyone. The burden was then shifted to the defendant to show, as pleaded by it, that the death of the insured was brought about by injuries intentionally inflicted upon him . . ." 152 S. C. p. 453, 150 S. E. p. 128.

This principle was readopted by this Court in *White v. North Carolina Mutual Life Ins. Co.,* 208 S. C. 168, 37 S. E. (2d) 505 (1946) when we said:

"[I]t is generally held that where death by unexplained violent external means is established, *prima facie* proof is thereby made of the fact that the injuries were ac-

cidental, without direct or positive testimony on that point, as the law will not presume that the injuries were inflicted intentionally by the deceased or by some other person." P. 170, 37 S. E. (2d) p. 506.

Also see *Gamble v. Travelers Ins. Co.,* 251 S. C. 98, 160 S. E. (2d) 523 (1968).

The appellant urges that the case of *Strawhorne v. Atlantic Coast Life Ins. Co.,* 238 S. C. 40, 119 S. E. (2d) 101 (1961) is conclusive of its position. We disagree and distinguish Strawhorne. There the insured was having marital problems, the death weapon had a safety device which had to be pushed to fire the gun. Also, the insured was wearing pajamas and there was a hole in the back of them where the bullet exited but no hole in the front although all buttons were fastened. There, the insured was entitled to a directed verdict as there was no evidence of accidental death and the presumption against suicide yielded to the evidence adduced at trial. Also distinguishable on its facts is *McMillan v. General American Life Ins. Co.,* 194 S. C. 146, 9 S. E. (2d) 562 (1940).

No evidence having been presented by the appellant to rebut the insured's *prima facie* proof, we hold that the respondent's proof met the required test.

The appellant next complains of the charge of the trial court and its failure to charge appellant's request.

The attack on the charge is not available to appellant on appeal, as the issue was not raised at the trial level. *Peyton v. Strickland,* 262 S. C. 210, 203 S. E. (2d) 388 (1974). Also, we have held that unless propositions submitted as a whole in requests to charge are wholly correct, it is not the duty of the trial judge to charge them. See cases collected in West's South Carolina Digest, Trial, Key No. 261.

Affirmed.

· LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.