Johnson, J.
It struck me on the first view of this case, that it turned altogether on questions of fact, but on looking into it with more attention, I am satisfied the verdict is wrong in principle.
The contract of the plaintiff' was to servo the defendant as an overseer for one year, for which he was to be paid at the rate of $10 per month. His right to compensation for the whole year’s service, supposing the whole contract to be for the entire year, depended necessarily on the per. formanee, or on some legal excuse for not having done it. He was bound, therefore, to aver in his declaration, and to prove that he was ready to perform it, and was hindered by the defendant, for that is the only excuse which the law allows. This is a familiar rule, and the question is whether the plaintiff has brought himself within it.
It is conceded that the plaintiff did not perform the whole year’s service. He remained with the defendant only a few months, and the circumstances relied on to show that he was hindered by the defendant, and about which ail the witnesses who speak of them agree, are, that they had different views about the management of the concerns of the plantation, and the defendant proposed to the plaintiff that they should “settle their accounts and quit,” to which the plaintiff replied “agreed,” and one witness adds, that defendant requested plaintiff to “leave the house in which he was living directly.” On the next morning, and before plaintiff left the house or plantation, defendant sent him a mule and requested him to go to work, to do which he positively refused, saying ho “would not strike another lick.”
The proposition made by the defendant to “settle and quit,” *487 would seem to imply an offer on his part to pay plaintiff for the time he had served only, and if that was the proposition to which the plaintiff meant to assent, when he said “agreed,” there is an end to his right to recover the whole year’s wages; hut conceding that the circumstances warrant the construction that it was an unqualified dismission from the defendant’s service, still it does not necessarily follow that defendant is liable for the whole year’s wages.
By the terms of the contract, the defendant was entitled to the whole years’ service, and consequently he had the right to exact or dispense with any portions of the time, and capn-ciously if he chose, provided he inflicted no injury or inconvenience on the plaintiff. If he had said to the plaintiff, “I only want your services for a portion of the year, and at irre-guiar intervals,” would that excuse the non-performance of the contract at the periods when his services are required by defendant? Certainly not. I think, therefore, that the plaintiff was bound to resume his employment when he was requested by the defendant.
This rule must be understood, .however, with some qualifications. The planter is not at liberty to drive off and recall his overseer at pleasure. If, in consequence of being improperly dismissed, the overseer engage in any other employment, or do any other act which would be incompatible with his returning, or subject him to any loss or injury, he would not be bound to return, and I recollect a case which occurred some years since, but which I have not been able to find in the books of Reports, where an overseer had been thus dismissed, had removed from the employer’s plantation and refused to return upon'request, and it was held that he was entitled to the year’s wages, although he had not engaged in other business ; and, as well os' I recollect, on the ground that his removal had subjected him to inconvenience. In this case, however, it does not appear that the plaintiff had done a'ny act inconsistent with his returning to the plaintiff’s service, or which would have subjected him to any the least loss or inconvenience.
Collisions frequently arise out of the relations of overseer and employer, and they arc so varied by circumstances, as to render it impossible to lay down any rule that will embrace them all. It cannot be maintained, however, that a disagreement about the management of the plantation in a particular instance, in which the employer would unquestionably have the right to controul, would justify the overseer in leaving his service; neither will an uncourtly epithet, or a sarcastic reply absolve a man from the obligations of a contract. The order of the defendant that the plaintiff would immediately *488 leave the house in which he lived, could not absolve him fi-om his contract, when the order was recalled before the plaintiff had acted upon it. If the general conduct of either of the parties was such as to render the necessary intercourse between them offensive or degrading, of which the case of Boyd v. Bird, 2 M’Cord, 247, is an example, that would justify either in putting an end to the contract; but I do not understand that this case turned on that question.
A. W. Thompson & Dawkins, for the motion.
Herndon, contra.
Motion granted.
O’Neall and Harper, Js. concurred.