## MITCHELL v. TOALE.

1. A master, after dismissing his servant, has not the right to recall the servant at any time and under all circumstances; but after dismissal the master has the right to recall the servant, if otherwise unemployed, to do a portion of his stipulated work, without fully recalling him to his former position.
2. A servant is bound to obey the lawful, reasonable, and substantial orders of the master within the scope of the business; and if he refuses to do so, a discharge would be justifiable.

Before PRESSLEY, J., Charleston, June, 1885.

This was an action by H. W. Mitchell against P. P. Toale. The opinion states the case. The charge of the Circuit Judge to the jury was as follows :

The first question for you to determine is whether this was a contract for a year. You are to determine that from the testimony and from the circumstances of the case, the nature of the employment, how the matter was treated during the time, and all such matters. The rule of testimony is that where one party to a cause, if he be credible, testifies positively to conversations between himself and the other, and the other party testifies that he does not remember, that is not a contradiction, unless he goes further and testifies that he was in the habit of noting such things, and would. have been apt to have remembered it, and to the best of his knowledge and belief it did not take place. You must judge of that from the whole testimony.

If you come to the conclusion that it was a contract by the year, then the next question is : Was the discharge for good cause ? Good cause is such cause as you, as business men, knowing what are the annoyances and defects in matters of business, would consider, fairly and conscientiously, cause for the discharging of a clerk. You have heard the testimony on that point on both sides, and you must determine it by that testimony. I am asked to charge you that the plaintiff in this case must show that there was no good cause for the discharge. That I decline. The burden of proof is on the other side, and the employer must show that he had good cause for discharging the clerk if the contract was for a year.

I am also asked in the first request to charge you a matter which I decline to charge, because I consider the proposition too general. My charge to you upon that point is this, that an employer who has discharged a clerk has the right to recall his discharge and require him to go to work again. He has undoubtedly that right, and upon the subject of this request I charge you, that if Mr. Toale told him to go to work again, or told him anything else which could fairly be construed into a recall of the discharge, and the restoring him to his old place, he had the right to do so. But if he required of him particular work which he claimed was left undone, and should have been done in the

term of his employment, then that would not release him from his obligations connected with the discharge. It would only give him the right to prove that that work was neglected, and to deduct from his liability whatever it cost him to have it done. So that if you construe Mr. Toale's proposition in this case as not fairly to admit of the construction that he recalled this employee's discharge and instructed him to go to work again under the old contract, then that would not release him of his liability by reason of his having discharged the clerk. It must be a recall and restoration to his old position. If under those circumstances the clerk refuses to go to work again, then it is an acceptance of his discharge, and he must take the consequences.

I am requested to charge you that the law implies a promise that the clerk, or book-keeper, or servant, shall obey all the reasonable orders of the master ; and that any breach of this promise justifies the discharge. I have interlined the word *substantial;* and I charge you that the law does imply such a promise, and that any substantial breach of such a promise does authorize a discharge. It must be such a substantial neglect of duty, such a disobedience of orders, that a reasonable man would consider it good cause. to discharge him for. If you find any such neglect of duty, and any such neglect of orders coming within that meaning, then Mr. Toale was justified in discharging him. If not, then, if it was a contract for a year, he was not justified in discharging him.

I am requested to charge you that if this was a contract for a year, and the contract ran on from year to year, then the year contract is implied in the renewal. If one be employed for a year, and the year expire, and he go on in the same employment without another contract, then another new year's employment is implied. That is what I charged in the case of Heyward against the Union Bank, I think. That is what I charge now, at any rate.

The second plaintiff's request to charge is concerning the burden of proof. I have already charged you that where a person justifies a discharge for cause, the burden of proof is upon him to show that there was cause. If, under the law, as I have laid it down, you consider that the plaintiff is entitled to his compensa-

tion, then you will give him his half year's salary, deducting what he earned during that time. You will also deduct the thirty-eight dollars which he admits stands on the books against him. The circumstances of that over-draft is a question entirely for you. You must judge of the whole matter.

Under the law, as I have laid it down, is the plaintiff entitled to recover? If the defendant discharged him for good cause, your verdict must be for the defendant, for the thirty-eight dollars which he has charged against him. If the contract was for the year, and the plaintiff was not discharged for good cause, you will find for the plaintiff the amount claimed, there being no proof that he could have earned more than he gives credit for.

*Messrs. Smythe & Lee*, for appellant.

*Messrs. Lord & Hyde*, contra.

July 14, 1886. The opinion of the court was delivered by

Mr. Chief Justice Simpson. The plaintiff, respondent, was employed as book-keeper by the defendant, appellant, for the year 1884, to wit, from December, 1883, to December, 1884, at a salary of $800 for the year. On May 31, 1884, the defendant dismissed the plaintiff, but in a short time after this dismissal, and before the plaintiff had obtained other employment, the defendant, finding that the books kept by the plaintiff had not been balanced, called upon the plaintiff to do this work, which plaintiff refused to do, except at the rate of $5 per day, which defendant declined to pay. The plaintiff afterwards obtained other employment, and upon the close of the year brought the action below, demanding judgment for three hundred and sixty-three dollars ($363), the balance due him for the year's salary, after deducting a payment of $438.37.

At the trial the defendant was allowed credit for the amount earned by the plaintiff since his discharge, $120, and also for a small amount due by plaintiff to defendant on the books, $38.39, which left $241.63 due plaintiff, for which sum a verdict was rendered in favor of plaintiff. The appeal rests upon the refusal of the presiding judge to charge certain requests, and also upon his charge.

The defendant requested his honor to charge : "That if a servant employed by a master for a stipulated period be discharged by such master before the period expires, even wrongfully, but the master at any time thereafter require him to return to his service, or to perform any of the duties he had agreed to do, he is bound to do so, or else he cannot recover." This his honor refused to charge as too general. He, however, in response to the request, charged that if the call upon the servant could fairly admit of the construction that the discharge is recalled, and that the servant is expected to go to .work again under the old contract, being restored to his old place, "he had a right to do so. But if he required of him particular work, which he claimed was left undone, that that would not relieve him from his obligations connected with the discharge." The defendant also requested the judge to charge that "a promise to obey the lawful and reasonable orders of the master is implied by law. Any breach of his promise justifies discharge." This his honor also declined, unless the request was qualified by the word "substantial"—in other words, "that it was only a 'substantial' breach of the promise to justify a discharge." The appeal assigns error to the refusal above, and to the response given to the first request above.

We agree with the presiding judge, that the first request was too broad and general in its terms. A master dismissing a servant has no right to recall at any time and under all circumstances after dismissal, on pain of forfeiting all right of recovery. See the case of *Saunders* v. *Anderson*, 2 *Hill.*, 486, cited by the appellant. In that case, where the general rule that the master had the right to exact or dispense with any portion of the time of the servant, and capriciously, if he chose, provided he inflicted no injury on the servant, was recognized, yet the court said that this rule must be understood with some qualifications; saying that the planter is not at liberty to drive off and recall at pleasure. If, in consequence of being improperly dismissed, the overseer engage in any other employment, he would not be bound to return. This being the law, the Circuit Judge did not err in declining the broad request made.

But we think the judge erred in the response which he made

to this request.    The contract between the parties being an entire contract for the year 1884, the defendant was entitled to plaintiff's services for that period, within the scope of his employment, and as was said in *Saunders* v. *Anderson, supra,* he had the right to exact from the plaintiff the performance of that service, or to dispense with said service, as he chose, even capriciously, or for any cause, so that he kept within the qualification above suggested.    See, also, *Wood's M. & S.*, 269.    It appears that the plaintiff, at the time he was called to balance the books, had not been engaged by others, and it was no injury upon him to be recalled to do this work.    It was error, therefore, for the judge to charge that the defendant had no right to recall the plaintiff, unless the plaintiff was to be restored to his former position.

The difference between the second request and the charge is so slight that the error assigned there hardly needs discussion.    No doubt, the servant is bound to obey the lawful and reasonable orders of the master, within the scope of the business, and if he refuses to do so, a discharge would be justifiable ; and probably no order would be lawful and reasonable, unless at the same time it was substantial—that is, pertained substantially to the business.    Mr. Wood says : "The servant is bound to obey all the master's lawful and reasonable commands, even though such commands may, under the circumstances, seem harsh and severe, but the master has a right to manage his own affairs, and it must be a very extreme case in which a servant would be justified in refusing obedience to his orders."    *Wood M. & S.*, 224, 225.

The judgment of this court is, that the judgment of the Circuit Court be reversed, and that the case be remanded for a new trial.