## VINCENT SCHISLER v. PERFECTION MILKER COMPANY.[1]

December 28, 1934.

No. 30,197.

*Marshall S. Snyder,* for appellant.
*Kelly, Thomas, Morck & Dillon,* for respondent.

LORING, JUSTICE.

Appeal from a judgment of the municipal court of Minneapolis entered pursuant to findings of fact and conclusions of law in favor of defendant.

July 15, 1931, plaintiff entered into a contract of employment with the defendant company whereby plaintiff, as salesman for the defendant, was to receive $300 per month from that date to January 1, 1932. December 5, 1931, defendant discharged plaintiff, paying him salary to December 15, 1931. Plaintiff asked that his salary be paid to December 31, the termination date of the contract, and under date of December 8 defendant, through its sales manager, wrote plaintiff in effect offering him reëmployment to December 31 in the same capacity and at the same salary specified in the contract. Plaintiff refused to accept the reëmployment and subse-

[1]Reported in 258 N. W. 17.

quently commenced this action for damages. Plaintiff would have received $150 as salary under the contract for the last half of December and asserts that he is entitled to that amount as damage because of what defendant now concedes to be a wrongful breach.

As a general rule, where, under an employment contract, the employer discharges the employe without cause, the employe is bound to accept an offer made in good faith by the employer to reëmploy him in the same or a similar capacity at the same salary. Damages in consequence of the breach are mitigated by the employe's refusal to accept the offer, and the burden upon defendant to show that plaintiff could have secured like employment at the same salary is sustained by proof of such good faith offer and its refusal. Flickema v. Henry Kraker Co. 252 Mich. 406, 233 N. W. 362, 72 A. L. R. 1046; McClelland v. Climax Hosiery Mills, 252 N. Y. 347, 169 N. E. 605; Bigelow v. American F. P. Mfg. Co. 39 Hun, 599, and cases cited to 72 A. L. R. 1054, *et seq.* Anything said to the contrary in Youngberg v. Lamberton, 91 Minn. 100, 97 N. W. 571, relied upon by plaintiff, is out of harmony with the great weight of authority, and in so far as it is contrary to the rule herein expressed is overruled. The other cases cited in appellant's brief recognize the general rule as herein stated.

An exception to this rule is noted in 72 A. L. R. 1057. It is there stated, and we think correctly, that where further association between the parties would be offensive or degrading to the employe because of the wrongful act of the employer, the offer to reëmploy is ineffectual to diminish damage. Price v. Davis, 187 Mo. App. 1, 173 S. W. 64; Birdsong v. Ellis, 62 Miss. 418. But this will not excuse the employe from making a reasonable effort to find other similar employment. In the case at bar the record shows no "wrong of the employer in discharging the employee * * * of such character that the parties could not be restored to their former relationship." Price v. Davis, 187 Mo. App. 1, 15, 173 S. W. 64, 68. The case at bar does not therefore come within the exception.

Plaintiff contends that defendant has not sustained the burden of proving the good faith of the offer. We think the record compels a finding of good faith in that respect.

Affirmed.