16702

MIXSON v. ROSSITER *ET AL.*
(74 S. E. (2d) 46)

48

*Messrs. Jefferies, McLeod & Unger,* of Walterboro, and *Dowling & Dowling,* of Beaufort, *for Appellants,*

*Messrs. Randolph Murdaugh,* of Hampton, and *W. Brantley Harvey,* of Beaufort, *for Respondent,*

*Messrs. Jefferies, McLeod & Unger,* of Walterboro, and *Dowling & Dowling,* of Beaufort, *for Appellants, in reply,*

January 12, 1953.

BAKER, Chief Justice.

The respondent brought this action for damages for the alleged breach by the appellants of a contract of employment with the respondent. The complaint alleges that the appellants, husband and wife, on March 10th, 1948, entered into an oral contract with the respondent to perform certain services during a period commencing March 10th, 1948, and ending December 31st of the same year. It is alleged that the agreed compensation was to consist of a salary of one hundred and seventy-five ($175.00) dollars per month and the use of a house in which the respondent could live during the term of the contract.

The complaint then alleges that the respondent fully performed the duties required of him by the contract, but that the appellants, on or about June 2nd, 1948, without just cause or excuse, discharged the respondent, compelling him to give up the house provided for him, with the result that he had to rent a house elsewhere for which he paid fifty ($50.00) dollars per month as rent.

The complaint further sets forth that the respondent received his agreed salary through the month of May, 1948, and that for the balance of the contract term he was entitled to twelve hundred and twenty-five ($1,225.00) dollars by way of salary and in addition the sum of three hundred and fifty ($350.00) dollars to reimburse him for rent for seven months at the rate of fifty ($50.00) dollars per month.

The complaint also alleges that the respondent had been unable to secure other employment "and there is no reasonable certainty that he will be able to secure employment for the remainder of the above mentioned period."

The answer of the appellants is in effect a general denial.

The case was tried before the court and a jury and resulted in a verdict in favor of the respondent for the full amount of his claim. Motions for a nonsuit, for a direction

of verdict, for a new trial, and for judgment *non obstante veredicto* were refused.

The appellants set forth ten exceptions, but they base their case in this Court upon three questions which we will take up in the order presented by the appellants.

The material facts disclosed by the record are as follows:

The appellants in the early part of 1948 purchased a farm or plantation in Beaufort County. At the time of this purchase the respondent was living on the plantation under a contract with a former owner. This contract, according to the undisputed testimony, was to run for a period of a year. The duties of the respondent consisted of the management of the farming operations, including the raising of cattle and hogs.

On March 10th, 1948, after the respondent learned of the purchase of the property by the appellants, he conferred with them upon their invitation relative to his employment and according to the testimony, which however is disputed by the appellants, it was agreed in substance that the respondent's employment in the aforestated capacity would continue for the balance of the year 1948, that is to say, from March 10th, 1948 to December 31st, 1948.

Shortly after the appellants acquired the property—apparently in April, 1948—the appellants indicated to the respondent that they had concluded not to farm the property and invited the respondent to resign. This he declined to do, stating that he intended to continue carrying out his contract until he was discharged.

The respondent and his family were already in the occupancy of a residence on the property under the arrangements with a former owner.

The salary of the respondent covering the period March 10th to March 31st, 1948, and for the month of April, 1948 was paid by checks of the appellant Zalie Naidenoff Rossiter, and apparently these payments were made by the appellants

and received by the respondent without comment except as above indicated. The salary of the respondent for the month of May, 1948 was paid by the check of the appellant Earnest Rossiter.

At the time of the delivery of the May check to the respondent, there apparently was some further suggestion from the appellants that the respondent resign, for the stated reason that the appellants had decided to discontinue the farming operations. This, however, the respondent refused to do, reiterating that he intended to continue performing the contract upon which he relied until he was discharged.

The respondent was in fact discharged June 2nd, 1948. This occurred when, on June 2nd, 1948, he was handed the above mentioned check for the services performed by him during the month of May.

On the back of this last mentioned check the appellant Earnest Rossiter had written "Final Payment." The respondent signed his name on the back of the check under the quoted words. The bank stamps on the back of the check indicate that it was used about June 11th, 1948.

The suit was instituted in October, 1948, prior to the expiration of the period of the alleged oral contract of employment. It was tried after the expiration of such contract period.

On the question whether, during the period June 2nd, 1948 to December 31st, 1948, the respondent obtained or could have obtained other employment to minimize his alleged loss and the damages recoverable for the alleged breach, the testimony of the respondent, which was not disputed, is to the general effect that he applied for work at several places named by him and "several other places," but was unable to obtain employment. He did, however, during the contract term and until January following, participate in the construction of a residence for himself. In this undertaking he was assisted by his son, a cousin and some

Negroes. He also employed a superintendent who was a carpenter.

"The first substantive error" charged by the appellants is stated by them to be "whether or not there was a complete Accord and Satisfaction of any indebtedness due the plaintiff by virtue of his endorsement and cashing of the last salary check, marked 'Final Payment' after there was a dispute between the parties concerning the amount due."

This assignment of error is disposed of by the fact that the testimony discloses no dispute between the parties concerning the amount due, so as to furnish a basis for the application of the doctrine of accord and satisfaction.

The amount of the salary and other compensation which the respondent was to receive prior to his discharge is not a matter of dispute and was not involved in any of the discussions between the parties.

It is true that there was a discussion between the respondent and the appellants relating to the termination of the former's employment and that the appellants first expressed a wish that the respondent resign, and thereafter, when he refused, discharged him. But this does not constitute a dispute relating to the respondent's compensation. The dispute has reference to the *existence* of the alleged contract, not to the amount per month payable thereunder.

The application of the doctrine of accord and satisfaction requires the presence of two elements, to wit: the accord, consisting of the agreement between the parties to settle a dispute; and the satisfaction, which consists of the payment of the consideration expressed in the accord. *Redmond v. Strange,* 203 S. C. 35, 26 S. E. (2d) 16; *Reliance Varnish Co. v. Mullins Lumber Co.,* 213 S. C. 84, 48 S. E. (2d) 653; 1 C. J. S., Accord and Satisfaction, § 1, pp. 462, 464.

In the present case there is neither an accord nor a satisfaction. The position of the appellants themselves, taking the case in the light most favorable to them,

is merely that they had a right to cancel the contract, whereas the respondent denied this. In these circumstances, the endorsement on the back of the check for services performed in May, of the words "final payment," can have no contractual status. There was no meeting of the minds. In other words, there was an attempt on the part of the appellants to bind the respondent by the expression in question, and at the same time there was an undisputed and definite rejection by the respondent of any such settlement of the continuing liability which the respondent asserted.

Quoting from appellant's brief, "the second basic error of law complained of by the defendants is the proposition that there is no creditable evidence in the Record to support verdict on behalf of the plaintiff against both defendants, Earnest Rossiter and Zalie Naidenoff Rossiter, but to the contrary the verdict is against the evidence. If the defendants' position is correct then the verdict and judgment should be set aside and judgment entered for the defendants, Earnest Rossiter and Zalie Naidenoff Rossiter or either of them."

The answer to this contention is in the appellants' own statement of it. The determination whether the evidence in a case supports one or the other of conflicting views is for the jury and not for the court. Of course, the Circuit Court can consider such a contention if made on a motion for a new trial, but where as here, it cannot be questioned that there is evidence from which the jury could reasonably reach the conclusion represented by its verdict in this case, the present contention is insupportable.

The point under discussion has two elements. One relates to the question whether there is in the record evidence to support the respondent's claim of the existence of a contract for his employment during a stated period, as found by the jury. We agree with the Circuit Judge that the evidence on this subject, though disputed, was ample to submit to the jury.

The other element relates to the question whether, assuming that the respondent is entitled to a verdict, there is any evidence to support the verdict as against Mrs. Rossiter.

The testimony to charge Mrs. Rossiter with liability is somewhat less than clear, but is ample to support the verdict of the jury in the light of the rules governing the respective functions of the court and a jury in a case of the present character. The respondent testified, without objection, that the arrangements for his employment were made with both Mr. and Mrs. Rossiter and that the property in question was owned by them. Two of the three salary checks were signed by Mrs. Rossiter, and there are other circumstances in the record from which it was not unreasonable to infer that the employment of the respondent was made by and for the benefit of both of the appellants.

The third question argued on behalf of the appellants is whether or not the appellants are entitled to a new trial because of the refusal of the Circuit Judge to instruct the jury that if the respondent "elected not to seek other employment but chose to construct himself a house that they should take into account the value of his services to himself and deduct the same from any verdict for the plaintiff," and because the court instructed the jury that they should consider only "monetary compensation" earned by the respondent as warranting a deduction from the amount of the respondent's claim. This has reference to the fact that during the last three months of the alleged contract term, the respondent was engaged in the construction of a home for himself and his family.

On this issue it would be sufficient to say that no evidence was introduced to show the value of the services of the respondent in connection with the construction of his home, and that therefore there is no foundation upon which the jury could reduce the amount of the damages claimed by the respondent.

A further reason, however, is that there is evidence in the record that the respondent did in fact, with reasonable diligence, attempt to obtain employment elsewhere, and found none. It was not until October, after he had made these efforts, that he used part or all of his idle time in participating in the construction of a residence for his own use. There is no evidence to indicate that this action on his part interfered with his duty and efforts to obtain other employment. It was for the jury to determine whether the respondent carried out his obligation to minimize his damages. This they did under appropriate instructions of the trial Judge.

The case cannot be likened, as contended by appellants, to a situation where the plaintiff, after his discharge before the termination of his employment contract, moved to a farm and earned a substantial sum of money by reason of his labor on the farm. In such a case, of course, the plaintiff's activities on the farm were identical in character with any activities in which he might have engaged for profit as an employee, and the profits made by him on the farm were, therefore, deductible from the amount of his claim. *Griffin v. Oklahoma Natural Gas Corp.,* 132 Kan. 843, 297 P. 662, 81 A. L. R. 274. See, also, Annotation in 81 A. L. R. pp. 282 *et seq.*

The judgment of the Circuit Court is affirmed.

STUKES, TAYLOR and OXNER, JJ., and JAMES B. PRUITT, A. A. J., concur.