0050

H. Young THRELKELD, Appellant, v. Thomas S. CHRISTOPH, Billy T. Davis and Bigelow-Sanford, Inc., Respondents.

(312 S. E. (2d) 15)

Court of Appeals

*Jesse M. Ray,* Greenville, *for appellant.*

*C. T. Wyche* and *Larry Estridge,* both of *Wyche, Burgess, Freeman & Parham,* Greenville and *Edward Katze* and *Herman L. Allison, Constangy, Brooks & Smith,* Atlanta, Ga., *for respondents.*

Jan. 23, 1984.

CURETON, Judge:

Appellant Threlkeld appeals from the order of the circuit court granting respondents' motion for summary judgment in this action for damages for tortious interference with Threlkeld's employment contract with respondent Bigelow-Sanford. We affirm the order of the trial court.

Rule 44(c) of the Rules of Practice of the Circuit Court provides that the circuit court shall grant summary judgment if the pleadings and depositions, together with the affidavits, if any, show that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." On appeal from an order granting a motion for summary judgment, this Court will review the evidence and all reasonable inferences therefrom in the light most favorable to the appellant. *Powell v. Bonitz Insulation Co.*, 273 S. C. 98, 254 S. E. (2d) 311 (1979).

Threlkeld alleged in his complaint that he had been employed for fourteen years by respondent Bigelow-Sanford. Beginning in July, 1979 his supervisors, respondents Christoph and Davis, individually and as agents of Bigelow-Sanford, intentionally and maliciously harassed him without justification. Threlkeld further alleged that this continuing harassment led to his involuntary resignation in December, 1977. He seeks $500,000.00 in damages.

The three respondents answered, asserting, among other things, that Threlkeld's employment was terminable at will, no breach of the employment contract occurred, and Christoph and Davis were acting as agents of Bigelow-Sanford. Respondents subsequently filed a motion for summary judgment premised on the defenses raised in their answer.

Upon review of the pleadings and affidavits submitted (which affidavits were not made a part of the record on appeal), the trial judge granted the respondents' motion, finding that (1) Bigelow-Sanford did not terminate Threlkeld's employment; (2) Threlkeld's employment was terminable at will; and (3) Davis and Christoph were agents of Bigelow-Sanford and not "third persons" so as to give rise to a cause of action for tortious interference with a contract.

With respect to the liability of an employer for alleged tortious interference with its contract of employment with its employee, the law in South Carolina is clear. In *Ross v. Life Insurance Company of Virginia*, 273 S. C. 764, 259

S. E. (2d) 814 (1979), the South Carolina Supreme Court reaffirmed settled law that an action for tortious interference protects the property rights of the parties to a contract against unlawful interference by third parties. Therefore, it does not protect a party to a contract from actions of the other party. For this reason, Threlkeld may not maintain an action against respondent Bigelow-Sanford. The entry of summary judgment was proper.

Appellant Threlkeld contends that the court erred in granting Davis and Christoph's motion for summary judgment because, on the facts alleged, liability could have been imposed by a jury. We disagree.

Our Supreme Court listed the elements of an action for tortious interference with an employment contract in *DeBerry v. McCain*, 275 S. C. 569, 274 S. E. (2d) 293 (1981), as: (1) the contract; (2) the wrongdoer's knowledge thereof; (3) his intentional procurement of its breach; (4) absence of justification; and (5) damages resulting therefrom. These same elements were elaborated upon by the North Carolina court in *Childress v. Abeles*, 240 N. C. 667, 84 S. E. (2d) 176 (1954):

> To subject the outsider to liability . . . on account of this tort, the plaintiff must allege and prove these essential elements of the wrong: First that a valid contract existed between the plaintiff and a third person, . . . Third, that the outsider intentionally *induced the third person* not to perform his contract with the plaintiff . . . . (Emphasis added).

Affording Threlkeld the benefit of all reasonable inferences to be drawn from the evidence, we find that there is no genuine issue of fact presented on which a court could find that Christoph and Davis acted otherwise than as agents of Bigelow-Sanford; or that their conduct in any way induced Bigelow-Sanford to breach its contract with Threlkeld. For these reasons, summary judgment was properly granted to Christoph and Davis.

Having reviewed the assignments of error alleged, we find no merit in them and accordingly affirm the judgment of the circuit court.

Affirmed.

SHAW and GOOLSBY, JJ., concur.