23149

Kathy SMALL, Respondent v. SPRINGS INDUSTRIES, INC., Appellant.
(388 S. E. (2d) 808)

Supreme Court

*David A. White* and *Benjamin A. Johnson,* of *Roddey, Carpenter & White, P.A.,* Rock Hill, *J. Spratt White* and *Christopher S. Barnard,* of *Legal Dept., Springs Industries, Inc.,* Fort Mill, and *Kenneth E. Young,* of *Nelson, Mullins, Riley & Scarborough,* Greenville, *for appellant.*

*Herbert W. Louthian* and *Herbert W. Louthian, Jr.,* of *Louthian & Louthian,* Columbia, *for respondent.*

Heard May 15, 1989.

Decided Feb. 5, 1990.

TOAL, Justice:

In *Small v. Springs Industries, Inc.*, 292 S. C. 481, 357 S. E. (2d) 452 (1987), (Small I) this Court upheld a jury verdict, finding Springs Industries, Inc. was liable to Small for the damages resulting from its breach of contract, but remanded the issue of damages, reversing the jury's award of $300,000 as excessive. The present appeal by Springs Industries, Inc. is from the remanded damages trial in which the jury awarded Small $100,000. We affirm.

## FACTS

Small was employed for eight years as a spinner with Springs Industries, Inc. (Springs). Springs' employee handbook set out a four step procedure for firing employees. Springs discharged Small without following the procedures outlined in its handbook. Small brought suit against Springs for breach of contract arguing that her at-will employment status was altered by the provisions of the employee handbook. In the first trial, the jury found that Springs had breached a contract with Small and was liable for the damages resulting from its breach. This Court affirmed the liability issue and remanded the issue of damages for a new trial.

Following this Court's *Small I* opinion, Springs made an alleged unconditional offer of reemployment to Small. The offer proposed to reinstate Small to her previous position, restore her seniority and waive the normal physical examination requirement. The offer specified that "[i]n all other respects [her] employment will be identical to that of other hourly-paid employees." Small would also be given a "clean" disciplinary record. This offer of reinstatement was not conditioned on settlement of the pending litigation between the parties. Small refused the offer.

On retrial, the jury awarded Small $100,000 in damages. This appeal by Springs followed.

## DISCUSSION

### 1. *Wrongful Termination and Damages*

An individual working for an employer under a contract of employment for an indefinite period can be terminated at will. *Shealy v. Fowler*, 182 S. C. 81, 188 S. E. 499 (1936). At-will employment is generally terminable by either party at any time, for any reason or for no reason at all. *Todd v. South Carolina Farm Bureau Mut. Ins. Co.*, 276 S. C. 284, 278 S. E. (2d) 607 (1981), appeal after remand, 283 S. C. 155, 321 S. E. (2d) 602 (Ct. App. 1984), writ granted in part, 285 S. C. 84, 328 S. E. (2d) 479 (1985), quashed, 287 S. C. 190, 336 S. E. (2d) 472 (1985). The termination of an at-will employee normally does not give rise to cause of action for breach of contract. *Hudson v. Zenith Engraving Co., Inc.*, 273 S. C. 766, 259 S. E. (2d) 812 (1979). However, in certain limited situations, an employer's discharge of an at-will employee may give rise to a cause of action for wrongful discharge such as where the at-will status of the employee is altered by the terms of an employee handbook, *Small v. Springs Industries, Inc.*, 292 S. C. 481, 357 S. E. (2d) 452 (1987), or where the discharge violates a clear mandate of public policy. *Ludwick v. This Minute of Carolina, Inc.*, 287 S. C. 219, 337 S. E. (2d) 213 (1985).

A wrongfully discharged employee suing for breach of contract is entitled to receive the amount of the employees' net losses caused by the employer's breach. Restatement (Second) of Agency § 455 (1958) (hereinafter Restatement); 11 S. Williston, *A Treatise on the Law of Contracts* § 1358 (3rd Ed. Jaeger) (hereinafter Williston). Such losses may include back pay as well as future damages. Williston § 1361.

### 2. *Mitigation of Damages*

The doctrine of avoidable consequences operates in wrongful discharge actions, as in others, to permit a wrongfully discharged employee to recover only damages for losses which, in the exercise of due diligence, he could not avoid. Williston § 1359; 5 A. Corbin, *Corbin on Contracts* § 1095 (1964); Restatement § 455 comment d. The employee's so-called duty to mitigate his damages permits the employee to recover the amount of his losses caused by

the employer's breach reduced by the amount the employee obtains, or through reasonable diligence could have obtained, from other suitable employment. *Id.* A sizable body of law has developed defining the types of other employment an employee must accept under particular circumstances in order to mitigate his damages. *See generally* Annotation, *Nature of Alternative Employment Which Employee Must Accept to Minimize Damages For Wrongful Discharge,* 44 A. L. R. (3d) 629 (1972). Whether an employee has fully mitigated his damages is a question of fact. *Mixon v. Rossiter,* 223 S. C. 47, 74 S. E. (2d) 46 (1953).

### 3. *Offer of Reemployment*
#### (a) Bona Fide Offer

One source of employment which may serve to break the chain of causation in an employee's damages is an offer of reemployment by the wrongfully discharging employer. As a general rule, a wrongfully discharged employee must accept an employer's good faith, bona fide offer of reemployment. Restatement § 455 comment d; Williston § 1359. In order to qualify as a bona fide offer of reemployment, the wrongfully discharging employer's offer must reinstate the employee to the same or a substantially similar position at the same pay. *Flickema v. Henry Kraker Co.,* 252 Mich. 406, 233 N. W. 362 (1930). The offer must not require the employee to waive his legal right to pursue his cause of action for wrongful discharge. *University of Alaska v. Chauvin,* 521 P. (2d) 1234 (Alaska 1974).

The burden of proof is upon the employer to show that an offer of reemployment is bona fide on its face. The defendant carries this burden if it defends its liability for damages on the ground of a bona fide offer to reemploy. *Flickema v. Henry Kraker Co.,* 252 Mich. 406, 233 N. W. 362 (1930).

#### (b) Good Faith and Reasonable Refusal

The existence of a facially bona fide offer of reemployment does not necessarily limit the employee's damages to the date of the offer. An employee may refuse an offer of reemployment without suffering diminution of his damages where there is a reasonable ground for

the employee's refusal, such as where something has occurred to render further association between the parties offensive or degrading to the employee or where other circumstances exist which would make such a renewal of services inequitable. *See Mitchell v. Toale,* 25 S. C. 238 (1886) (a master dismissing a servant has no right to recall at any time and under all circumstances after dismissal on pain of forfeiting all right to recover); *Saunders v. Anderson,* 20 S. C. L. 486 (1834) (impliedly recognizing this rule); *see also Gray v. Pacific Suction Cleaner Co.,* 171 Cal. 234, 155 P. 469 (1915); *Schisler v. Perfection Milker Co.,* 193 Minn. 160, 258 N. W. 17 (1934); *Price v. Davis,* 187 Mo. App. 1, 173 S. W. 64 (1915); Restatement § 455 comment d; Williston § 1359; *see generally* Annotation, *Employer's Offer to Take Back Employee Wrongfully Discharged as Affecting Former's Liability,* 72 A. L. R. 1049 (1931); 22 Am. Jur. (2d) *Damages* § 522 (1988). Further, an employee may show the offer, bona fide on its face, is not made in good faith. *Gray v. Pacific Suction Cleaner Co.,* 171 Cal. 234, 155 P. 469 (1915).

Whether an offer of reemployment is made in bad faith and whether a wrongfully discharged employee's refusal to accept an unconditional offer of reemployment is reasonable are questions to be determined by the fact finder. Restatement § 455 comment d. The burden of proof is upon the employee to make these showings, as the defendant has carried its burden by making a showing of a facially bona fide offer of reemployment.

Springs argues that this Court should reject the general rule relating to a wrongfully discharged employee's duty to mitigate damages and require that employees must accept a facially unconditional offer of reemployment made by the employer or suffer diminution of their damages awards, irrespective of the reasonableness or good faith of the offer. We are convinced the majority rule, recognized by this Court over one hundred and fifty years ago, is the better rule.

### 4. *Trial Court's Instructions to the Jury*

The jury was thoroughly and properly instructed by the trial court that Small was entitled to recover only those compensatory damages which had been established by the preponderance of the evidence. The trial court instructed the

jury that in order to determine the amount of Small's damages, they must determine with reasonable certainty how long Small would have continued to be employed by Springs but for the wrongful discharge. The trial court emphasized that plaintiff's employment status was at-will. Further, the trial court instructed the jury that Small was not entitled to conjectural or speculative damages. The trial judge charged the jury that Small's damages should be reduced by any amounts she obtained or could have obtained through reasonable diligence from other employment.

Specifically, with respect to Springs' offer of reemployment, the trial court instructed that in deciding whether Small reasonably rejected Springs' offer, the jury should consider: first, whether the offer was to return Small to the same or a substantially similar position to that from which she was discharged; second, whether the offer required a waiver or modification of the employee's rights under the original contract; and third, whether anything had occurred which would render further association between the parties offensive or degrading to Small.

### 5. *Standard of Review*

As a contract action, this is an action at law. *Small v. Springs Industries, Inc.*, 292 S. C. 481, 357 S. E. (2d) 452 (1987). This Court's standard of review in an action at law is limited to correcting errors of law; this Court will not reverse a jury's factual findings unless there is no evidence in the record which reasonably supports the jury's findings. *Id.; Townes Associates, Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976).

### 6. *Application of the Law to the Facts*

Springs presented evidence of a facially bona fide offer of reemployment. Thus, the burden of proof was upon Small to present evidence that the facially bona fide offer was not made in good faith or that her refusal of the offer was reasonable.

Small testified that when she was fired, she cried and begged for her job but that she was told she would never be permitted to work for Springs again as long as she lived. Small testified that Springs would not treat her fairly in the

future, because they did not care about her. She testified that she believed the company made the offer merely as an attempt to minimize its damages following the adverse ruling in this Court, despite the fact "they knowed they was wrong" throughout the entire proceedings. Further, Small testified she feared Springs would "do me wrong, [but] they would do it in a way where I could not do nothing about it."

We believe the foregoing testimony was sufficient to raise a question of fact as to whether Small reasonably refused Springs' offer of reemployment and whether Springs' facially unconditional offer was, in fact, made in good faith. The jury considered the question on proper instructions and decided against Springs.

Having determined that Small created a jury issue on the reasonableness of her refusal to accept Springs' offer of reemployment and the good faith of the offer which the jury decided adversely to Springs, Small's damages were not limited to the date of the offer of reemployment. The next issue before this Court is the extent and elements of the future damages Small is entitled to recover. Springs contends Small failed to establish how long she would have continued to be employed with Springs and future damages are, therefore, speculative. Springs requested the trial court charge the jury that the duration of Small's employment was an essential element of her breach of contract claim. As noted above, the trial court charged the jury that they must determine the duration of Small's continued employment and could not award speculative damages. This charge substantially included Springs' requested charge. Springs did not request a charge specifically with respect to the method of calculating or the elements of future damages. More importantly, at the close of the trial judge's charge, he asked Springs whether it had any exceptions to the charge or further requests to charge. Springs replied in the negative and has, therefore, waived any objection it might properly have raised on this issue. *Clements v. Metropolitan Life Ins. Co.*, 266 S. C. 488, 224 S. E. (2d) 309 (1976). The jury's damages award is within the range of damage testimony presented by Small's experts. Therefore, this Court's standard of review requires us to affirm.

### 7. *Remaining Allegations of Error*

Springs' remaining allegations of error are disposed of pursuant to Supreme Court Rule 23: A. Summary judgment, *Williams v. Chesterfield Lumber Co.*, 267 S. C. 607, 230 S. E. (2d) 447 (1976) (trial court must deny a motion for summary judgment, unless the facts, viewed in the light most favorable to the party opposing summary judgment are plain and indisputable, and are such that reasonable minds cannot differ); B. Expert testimony, *Darden v. Witham*, 263 S. C. 183, 209 S. E. (2d) 42 (1974) (error not reversible unless prejudice to complaining party may have resulted therefrom).

Affirmed.

HARWELL, C. J., and CHANDLER and FINNEY, JJ., concur.

LITTLEJOHN, Acting Associate Justice, dissents and concurs in separate opinion.

LITTLEJOHN, Acting Associate Justice (concurring and dissenting):

The writing of the opinion in this case originally fell to me. I submitted to members of the Court a proposed opinion affirming the trial court as modified. A majority of the Court, having taken a different view, I now order my original opinion printed as my concurring and dissenting opinion. It follows:

This appeal is from a jury verdict awarding respondent Small $100,000 for breach of an employment contract after retrial on the issue of damages. We affirm as modified herein.

Small commenced this action after appellant Springs Industries, Inc. (Springs) terminated her employment without honoring a four-step discharge procedure set forth in Springs' employee handbook. At trial, Small won a jury verdict of $300,000. On appeal, this Court affirmed Springs' liability for breach of the employment contract because the provisions of the employee handbook were enforceable despite Small's otherwise at-will employment status. We remanded the case, however, for a new trial on the issue of damages finding the $300,000 award excessive. *Small v. Springs Industries, Inc.*, 292 S. C. 481, 357 S. E. (2d) 452

(1987) (*Small I*). Upon retrial, Small won a jury verdict of $100,000. This appeal follows.

Springs contends the trial judge erred in failing to rule as a matter of law that Small was entitled to recover only lost wages to the date of her rejection of Springs' offer of reinstatement.

After this Court's decision in *Small I*, Springs tendered Small an unconditional offer of reinstatement to her previous position, restoring her seniority and waiving the normal physical examination requirement. The offer specified that "[i]n all others respects [her] employment will be identical to that of other hourly-paid employees." Small would also be given a "clean" disciplinary record.

This offer of reinstatement was not conditioned on settlement of the pending litigation of the parties. The offer was made by one authorized to contract on behalf of Springs. It was in writing and patently bona fide in all respects. Small, however, refused the offer. The only reason given for this rejection was that she no longer "trusted" Springs because the offer had come only after the decision in *Small I*. There was no reason for Springs to make any offer until it was determined that the discharge was irregular. No court in South Carolina had before this time held that an employee handbook had contractual impact. It was not until the ruling of this court in *Small I* that Springs became aware of the fact that such handbooks were part of the employment contract.

The offer being genuine on its face, it became the burden of Small to show to the court that reinstatement under the circumstances would be inequitable. Small had an obligation to mitigate damages by accepting employment. Small's expert testified her lost wages to the time the unaccepted reinstatement offer expired totalled $24,911.

An employee seeking damages for breach of an employment contract has a duty to mitigate those damages. *Small I*, 292 S. C. at 486, 357 S. E. (2d) at 455. The question before us is whether this duty to mitigate requires an employee to accept an unconditional offer of reinstatement. We hold it does. Only if the jury finds reinstatement inequitable under the circumstances may future damages be considered. This rule is consistent with that followed in many jurisdictions

for breach of an employment contract. *See, e.g., Univ. of Alaska v. Chauvin,* 521 P. (2d) 1234 (Alaska 1974); *Billetter v. Posell,* 94 Cal. App. (2d) 858, 211 P. (2d) 621 (1949); *Ryan v. Mineral City High School Dist.,* 27 Colo. App. 63, 146 P. 792 (1915); *Schwarze v. Solo Cup Co.,* 112[1]. App. (3d) 632, 68 Ill. Dec. 228, 445 N. E. (2d) 872 (1983); *Flickema v. Henry Kraker Co.,* 252 Mich. 406, 233 N. W. 362 (1930); *Smith v. Beliot Corp.,* 40 Wis. (2d) 550, 162 N. W. (2d) 585 (1968); *see generally* Annot., 72 A. L. R. 1049 (1931). An employer's liability for the accrual of lost wages is therefore tolled when the employee rejects or accepts the offer of reinstatement.

Here the record is devoid of any evidence reinstatement under the terms offered would have been inequitable. In determining whether a jury issue is involved, we traditionally apply the scintilla rule. Its application is not always easy. The reasoning of the court in the case of *In re Crawford,* 205 S. C. 72, 30 S. E. (2d) 841 (1944) is equally applicable here.

> In the case of *Taylor v. Railway Co.,* 78 S. C. 552, 556, 59 S. E. 641, 643 [1907], this court said: 'A scintilla of evidence is *any material* evidence that, if true, would tend to establish the issue in the mind of a reasonable juror. (Italics added.)
>
> Whilst adhering to the scintilla rule, this court has recognized a rule supplemental to the scintilla rule, which is thus propounded in the case of *National Bank v. Thomas J. Barrett, Jr., & Co.,* 173 S. C. 1, 174 S. E. 581, 582 [1934]; 'If it be conceded that there may be deduced by a process of unusual finesse of reasoning that there is a scintilla of evidence * * * nevertheless there is another rule, more founded upon common sense and reason, to the effect that when only one reasonable inference not just one inference, but one reasonable inference, can be deduced from the evidence, it becomes a question of law for the court, and not a question of fact for the jury.'

Small would create a scintilla of evidence by bootstrapping her claim based on her own conclusions not supported by the record. She testified:

> Q. ... and let me ask you why you have not accepted that offer of employment?
>
> A. Because I don't believe they would be fair to me.

We conclude that the judge should have held as a matter of law that Small was entitled to no further compensation after she rejected the offer. The jury was improperly permitted to consider future damages in reaching its verdict.

Our holding today entitles an employee to back pay and reinstatement for breach of an at-will employment contract based on violation of the provisions of an employee handbook. This remedy has been held appropriate by other courts addressing wrongful discharge of an at-will employee. *See, e.g., Redemske v. Village of Romeoville,* 85 Ill. App. (3d) 286, 40 Ill. Dec. 596, 406 N. E. (2d) 602 (1980); *Brockmeyer v. Dun & Bradstreet,* 113 Wis. (2d) 561, 335 N. W. (2d) 834 (1983); *see generally* Annot., 44 A. L. R. 4th 1131 (1986). Moreover, it is the same remedy provided legislatively for wrongful discharge of an employee who pursues a worker's compensation claim. S. C. Code Ann. § 41-1-80 (Supp. 1988). To judicially allow a greater recovery for wrongful discharge of an at-will employee in this instance would be an incongrous result. We find such a remedy equitable while consistent with the employee's duty to mitigate.

Accordingly, the jury's verdict is reduced to $24,911.