1697

Neil JOHNSON, Appellant v. FIRST CAROLINA FINANCIAL CORPORATION, Respondent.

(409 S.E. (2d) 804)

Court of Appeals

*Hal J. Warlick*, Easley, *for appellant.*

*Kenneth E. Young,* of *Nelson, Mullins, Riley and Scarborough,* Greenville, *for respondent.*

Heard Aug. 26, 1991.

Decided Sept. 23, 1991.

BELL, Judge:

This is an action in contract for wrongful termination of employment. The employee, Neil Johnson, alleged the employer, First Carolina Financial Corporation, discharged him in violation of the written terms of his employment. First Carolina moved for summary judgment on the ground Johnson's employment was subject to termination at will for any reason or no reason at all. The circuit court granted summary judgment. Johnson appeals. We affirm.

First Carolina loans money to finance mobile home sales. It has a regional office in Greenville, South Carolina. By a letter dated August 28, 1985, the corporation offered Johnson a position as regional vice president, responsible for managing the Greenville office. Johnson accepted this offer in writing on September 3, 1985. Neither the offer nor Johnson's acceptance specified any fixed term of employment. Johnson admits he was not employed for any specific number of years and does not claim his agreement with First Carolina entitled him to stay with the corporation for the rest of his working life. He admits he was free to quit his employment at any time.

At all times material to this suit, First Carolina had an employee handbook which set forth some of the corporation's general personnel policies. At the beginning of the handbook in a section called *"FOR YOUR INFORMATION,"* the following statement appears:

> This handbook does not constitute a guarantee that your employment will continue for any specified period of time, or end only under certain conditions. Employment at our Company is a voluntary relationship, and nothing in this handbook constitutes an expressed or implied contract of employment. While we hope to have a long and mutually beneficial working relationship together, regardless of anything which may appear in this handbook or any other Company publication, policy or statement, you have the

right to terminate your employment relationship for any reason, at any time, and the Company reserves the right to do the same.

In another section discussing disciplinary procedures, the handbook states:

Keep in mind, however, that our Company has no obligation to use any one or more of these forms of discipline prior to discharging employees. Any one or all of these steps can be omitted as the Company deems appropriate, in its discretion. Nothing herein constitutes a contract of employment or guarantees that your employment will continue for any specified period of time.

Finally, at the end of the handbook is the following statement:

I HAVE RECEIVED A COPY OF THE COMPANY'S EMPLOYEE HANDBOOK AND HAVE READ IT. I UNDERSTAND THAT MY EMPLOYMENT IS FOR NO DEFINITE PERIOD OF TIME AND NOTHING IN THIS HANDBOOK, IN ANY WAY, CREATES AN EXPRESSED OR IMPLIED CONTRACT OF EMPLOYMENT, BUT RATHER IT IS A BRIEF DESCRIPTION OF BENEFITS OFFERED BY THE COMPANY AND AN OVERVIEW OF ITS POLICIES AND RULES; THAT THIS HANDBOOK AND POLICIES, RULES AND BENEFITS TO WHICH IT REFERS MAY BE AMENDED, MODIFIED OR DISCONTINUED AT ANY TIME BY THE COMPANY IN ITS DISCRETION; THAT IN CONSIDERATION OF MY EMPLOYMENT I AGREE TO CONFORM TO THESE POLICIES AND RULES; AND THAT EITHER I OR THE COMPANY CAN TERMINATE MY EMPLOYMENT AT-WILL AT ANY TIME WITH OR WITHOUT CAUSE, AND WITHOUT NOTICE.

Immediately following this statement are blanks for the date,

the employee's signature, and the employee's social security number.[1]

On November 7, 1987, First Carolina discharged Johnson from his employment. The corporation and Johnson dispute the reason for the discharge. According to First Carolina, he was discharged because several female workers complained he had sexually harassed them and because he made poor decisions regarding certain loan accounts. According to Johnson, the corporation's stated reasons are false. He asserts they are pretexts to hide the actual reason for firing him—viz., to cover serious business errors by his superior, the president of the corporation.

The sole question on appeal is whether First Carolina showed the absence of a genuine issue of material fact so as to be entitled to summary judgment. *See* Rule 56(c), S.C.R. Civ. P.

The law applicable to this case is concisely stated in ■ *Small v. Springs Industries, Inc.*, 300 S.C. 481, 388 S.E. (2d) 808 (1990) (*Small II*):

> An individual working for an employer under a contract of employment for an indefinite period can be terminated at will. At-will employment is generally terminable by either party at any time, for any reason or for no reason at all. The termination of an at-will employee normally does not give rise to [a] cause of action for breach of contract. However, in certain limited situations, an employer's discharge of an at-will employee may give rise to a cause of action for wrongful discharge such as where the at-will status of the employee is altered by the terms of an employee handbook, or where the discharge violates a clear mandate of public policy.

*Id.*, 300 S.C. at 484, 388 S.E. (2d) at 810 [citations omitted]. If the employer wishes to issue an employee handbook without being bound by it and with a desire to continue under the employment at will rule, he is free to do so by inserting therein a

---

[1] As far as the evidence shows, Johnson did not sign the handbook. He takes the position, however, that the handbook together with the letter offer of employment and his written acceptance constitute his contract of employment. Since he adopts the handbook as part of his contract, the absence of his signature is immaterial. *See Peddler, Inc. v. Rikard*, 266 S.C. 28, 221 S.E. (2d) 115 (1975).

conspicuous provision or disclaimer to that effect. *Small v. Springs Industries, Inc.*, 292 S.C. 481, 357 S.E. (2d) 452 (1987) (*Small I*).

In this case, Johnson, by his own admission, had no fixed term of employment. Either party was free to terminate the contract at any time. Therefore, his employment was at will. Moreover, First Carolina indisputably inserted a conspicuous provision in its employee handbook stating the handbook created no right of employment and the company could terminate the at will employment any time with or without cause. Thus, the handbook did not alter the at will nature of Johnson's employment. Given these facts, First Carolina was entitled to judgment as a matter of law. Although First Carolina's reasons for discharging Johnson are vigorously disputed, this dispute does not create a material issue of fact, because First Carolina was free, as a matter of law, to discharge him without cause and without affording him any disciplinary procedure.

The judgment of the circuit court is

Affirmed.

SANDERS, C.J., and SHAW, J., concur.