972 F.2d 341
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Kathy L. MACK, Plaintiff-Appellant,
v.
MOBAY CORPORATION, INCORPORATED, Defendant-Appellee.
 No. 91-1170.
 United States Court of Appeals,
Fourth Circuit.
 Argued: July 8, 1992
Decided: August 3, 1992
 
 Appeal from the United States District Court for the District of South Carolina, at Charleston.
 Fred Henderson Moore, Charleston, South Carolina, for Appellant.
 Stephen Peterson Groves, Sr., YOUNG, CLEMENT, RIVERS & TISDALE, Charleston, South Carolina, for Appellee.
 Lucinda Jenkins Haley, YOUNG, CLEMENT, RIVERS & TISDALE, Charleston, South Carolina, for Appellee, on brief.
 D.S.C.
 AFFIRMED.
 Before WILKINSON, NIEMEYER, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Kathy L. Mack appeals the district court's order granting judgment as a matter of law in favor of Mobay Corporation on her claims arising from termination from employment. Mack initially brought this action in state court and Mobay removed the action on the basis of diversity of citizenship. After Mack rested her case, Mobay moved for judgment as a matter of law. The district court granted the motion on the grounds that, under South Carolina law, Mack was an at-will employee who could be terminated without cause. This appeal followed.
 
 
 2
 * Mack worked for Mobay as a chemical operator. On or about March 27, 1987, while working, she got several types of dyes on her hands. When she attempted to wash off the dyes, she experienced a burning sensation; thereafter in April 1987, she developed a rash. After the initial reaction she wore protective gloves, cotton inserts, and cream on her hands. The rash persisted, however, and adversely affected her job performance. During early June 1987, she experienced an acute allergic reaction which the Mobay plant doctor diagnosed as contact dermatitis. Mack subsequently filed a worker's compensation claim alleging that she suffered a scaly eruption on her hands caused by wearing the mandatory protective gloves. Later that same month, Mobay referred Mack to a private dermatologist, Dr. James Simpson, who diagnosed that she was allergic to formaldehyde and quaternium-15, common components of both industrial and household products.
 
 
 3
 When the rash improved, Mack returned to her regular duties as a chemical operator. Her doctor advised Mack to wear a different type of glove and protective cream. Within two weeks of returning to her regular duties, however, she suffered another acute dermatological reaction. Dr. Simpson recommended that she utilize several different types of protective gloves. Each type used failed to afford Mack any relief or improvement. In November 1987, Mack was temporarily transferred to the administrative office where she performed clerical work. During that time her condition improved.
 
 
 4
 In February 1988, Mobay referred Mack to another dermatologist, Dr. Hudson Rogers, who also determined that Mack was allergic to formaldehyde and quaternium-15. Dr. Rogers permitted her to return to her regular duties, using a new combination of gloves. Mack, however, suffered a third reaction in May 1988. Thereafter, Dr. Rogers recommended that she be transferred to the office until her rash improved. He also recommended that she avoid future exposure to the chemicals and obtain a job that did not require the use of protective gloves.
 
 
 5
 In May 1988, Mobay placed the appellant on short-term disability leave, scheduled to expire in November 1988. Mobay advised her that in order to receive long-term disability, she needed a physician's statement that she was totally disabled. Dr. Rogers indicated, however, that she was not totally disabled because she could obtain other employment. Mobay requested that Mack notify its per sonnel director if she felt that Mobay had suitable employment for which she was qualified. Mack indicated that she felt she could work in the plant storeroom or warehouse. Mobay determined that this was not suitable because such work required protective gloves, and the offending chemicals were also present in those areas. Thereafter, Mobay terminated Mack, effective December 23, 1988.
 
 
 6
 Mack claimed that: (1) Mobay improperly refused to place her in another department where she could perform work, contrary to its prior practice, which she alleges was a policy, of accommodating similarly situated employees; (2) that this action was in violation of a covenant of good faith in the contract of employment under which she was hired; and (3) she has suffered severe mental anguish and emotional distress as a result of Mobay's action.
 
 
 7
 At the close of Mack's case, the district court, ruling from the bench, in a thorough analysis of the evidence, granted Mobay's motion for judgment as a matter of law. The district court found there was no evidence indicating that Mack was anything but an at-will employee, rejecting Mack's argument that an alleged termination policy was not followed because, as Mack's counsel admitted, no such termination policy had been placed in evidence. The district court also rejected Mack's argument that Mobay treated her differently from similarly situated employees on the grounds that the evidence did not show that the company created jobs for employees who were permanently unable to have contact with chemicals. Furthermore, the district court noted, even if the company did create a job for another employee, there was no obligation for Mobay to do so and such action would not change her status from that of an at-will employee. Lastly, the district court found no conduct by Mobay that would support her claim for emotional distress or outrage.
 
 II
 
 8
 We agree with the district court's holding that Mack failed to offer evidence from which a reasonable jury could find that she was anything other than an at-will employee. Under South Carolina law, an at-will employee may be terminated for any reason. Small v. Springs Industries, 388 S.E.2d 808, 810 (S.C. 1990)." The termination of an at-will employee normally does not give rise to[a] cause of action for breach of contract." Id. In limited circumstances, such as where an employee handbook, by its own terms, alters the at-will status of employees, an employee may have a cause of action for wrongful termination. Id. Mack failed, however, to introduce evidence supporting such an exception. We also agree that Mack presented insufficient evidence of the intentional, reckless, or extreme and outrageous conduct that needs to be shown to support a claim for emotional distress and outrage. See Satterfield v. Lockheed Missiles & Space Co. Inc., 617 F. Supp. 1359, 1361 (D.S.C. 1985). Accordingly, the district court's order granting judgment as a matter of law in favor of Mobay is affirmed.
 
 AFFIRMED