**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

LYNDA GREENLEE,
              *Plaintiff-Appellee,*

v.

GODLAN, INCORPORATED,
              *Defendant-Appellant.*

No. 03-1398

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Henry M. Herlong, Jr., District Judge.
(CA-02-667-6-20)

Submitted: September 26, 2003

Decided: October 22, 2003

Before NIEMEYER, WILLIAMS, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Steven M. Wynkoop, Amy Keegan, NELSON, MULLINS, RILEY &
SCARBOROUGH, L.L.P., Greenville, South Carolina, for Appellant.
Melvin Hutson, Lynn R. Hudson, MELVIN HUTSON, P.A., Green-
ville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Godlan, Inc., appeals from the district court's denials of its timely motions made pursuant to Fed. R. Civ. P. 50(b) and 59, in a civil matter filed by its former employee, Lynda Greenlee, who claimed that Godlan tortiously interfered with her at-will employment with Saint-Gobain, her new employer. On appeal, Godlan challenges the sufficiency of the evidence in the proof of Greenlee's claim, and further claims error in the damage award. For the reasons set forth below, we affirm the district court's orders.

This Court reviews the denial of a Rule 50 motion for judgment as a matter of law *de novo*. *Ocheltree v. Scollon Prods., Inc.*, 335 F.3d 325, 331 (4th Cir. 2003) (en banc). The court must determine whether substantial evidence exists, viewing the evidence in the light most favorable to the non-movant, upon which the jury could find for the appellee. *Price v. City of Charlotte*, 93 F.3d 1241, 1249 (4th Cir. 1996). We review the denial of a motion for a new trial for abuse of discretion. *Cline v. Wal-Mart Stores, Inc.*, 144 F.3d 294, 301 (4th Cir. 1998); *Atlas Food Sys. & Serv., Inc. v. Crane Nat'l Vendors, Inc.*, 99 F.3d 587, 599 (4th Cir. 1996).

Greenlee introduced evidence in this case demonstrating that Godlan asserted to Greenlee and to Saint-Gobain that Greenlee had a valid non-compete agreement that Godlan intended to enforce, and thereafter faxed to Saint-Gobain an acknowledgment page signed by Greenlee to a non-compete agreement from a superseded manual knowing it had been superseded and was invalid.* Greenlee also introduced evidence that the same afternoon Saint-Gobain received the fax, it suspended Greenlee and then terminated her because she failed to disclose the no longer valid non-compete agreement. We

---

*The jury's apparent rejection of Godlan's attempts to justify its actions by claiming that Greenlee did not sign the acknowledgment form to the superseded manual which contained no non-compete agreement, is not unreasonable given that Godlan was obviously aware that its second employee manual did not contain a non-compete agreement, and that the second manual superseded the first.

find Greenlee introduced sufficient evidence to prove the essential elements of her claim of tortious interference with contract under South Caroline law. *Cooper v. Laboratory Corp. of Am. Holdings, Inc.*, 150 F.3d 376, 382 (4th Cir. 1998); *Threlkeld v. Christoph*, 312 S.E.2d 14, 16 (S.C. App. 1984).

We find no merit to Godlan's challenge to the district court's refusal to reduce the $200,000 damage award to nominal damages, or, at most, to $143,420, relying on the facts that Greenlee's employment with Saint-Gobain was at-will, and alleging there was no evidence that Greenlee would have been given a monetary bonus from Saint-Gobain. The district court properly determined that there was ample evidence introduced at trial to support the award of future damages, such that the award was not speculative, and the jury was appropriately instructed that Greenlee's employment was at-will, and that any damage award could not be based upon speculation or conjecture. *See Small v. Spring Indus.*, 388 S.E.2d 808, 812 (S.C. 1990). The district court did not abuse its discretion in determining that the verdict was not against the clear weight of the evidence, there is no indication in the record that the evidence upon which the verdict was based was false, and the verdict will not result in a miscarriage of justice. *Atlas Food Sys. & Servs., Inc. v. Crane Nat'l Vendors, Inc.*, 99 F.3d 587, 594 (4th Cir. 1996).

Accordingly, we affirm the district court's decisions denying Godlan's motions pursuant to Rules 50(b) and 59. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

*AFFIRMED*